UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MCDOWELL ROBINSON, : | |
| : | Civil Action No. 13-1796 (RBK) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| JORDAN R. HOLLINGSWORTH, : | |
| : | |
| Respondent. : | |

**APPEARANCES:**

**DAVID MCDOWELL ROBINSON**, Petitioner pro se
10501-017
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640

**KUGLER**, District Judge

Petitioner ("Petitioner"), a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because this Court lacks jurisdiction to consider the petition, and it is not in the interest of justice to transfer, the Court will dismiss the petition.

**I. BACKGROUND**

On May 1, 2008, Petitioner pled guilty to eleven counts of wire fraud and sixteen counts of mail fraud, in violation of 18 U.S.C. §§ 1341, 1343 (2006), in the United States District Court for the District of Maryland. (Pet. ¶ 1.) Petitioner was sentenced to 188 months' imprisonment, which was affirmed on appeal. (Pet. 9.) Thereafter, Petitioner filed several post-judgment

motions, all of which were denied by the district court and the Court of Appeals for the Fourth Circuit. (*Id.*)

Petitioner has now filed the instant § 2241 petition. (ECF No. 1.) He raises four grounds: (1) "the indictment is 'insufficient' as a matter of law because it fails to state the essential elements of the charged offenses;" (2) "lack of subject matter jurisdiction of the court. Judge accepted an unconstitutional guilty plea to alleged conduct which amounts to a 'non-offense;'" (3) "criminal judgment 'void' as a matter of law;" and (4) "unavailability of habeas relief under § 2255 due to violation of procedural due process."

## II. DISCUSSION

### A. Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." *See* 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856; *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

**B. Analysis**

Petitioner has filed his habeas petition under 28 U.S.C. § 2241. However, as noted by the Court of Appeals for the Third Circuit in *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. *See also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) ("§ 2255. . . confers jurisdiction over "challenges [to] the validity of the petitioner's sentence [while. . .] § 2241 'confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.'") Motions under § 2255 must be brought before the court which imposed the sentence. *See* 28 U.S.C. § 2255. In addition, a one-year limitations period applies to § 2255 motions. *See* 28 U.S.C. § 2255(f).

Section 2255 does, however, contain a safety valve that may help a prisoner overcome the timeliness and successive petition bars where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." 28 U.S.C. § 2255. In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that a § 2255 remedy would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. *Id.* Rather, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in *Dorsainvil* because it would have been a complete miscarriage of justice to confine a prisoner for

conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. *Id.* at 251–52.

In *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exemption. A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle*, 290 F.3d at 538. *See also Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* The circuit further held that "[s]ection 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539.

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. *See Dorsainvil*, 119 F.3d at 251–52; *Cradle*, 290 F.3d at 539, *Okereke*, 307 F.3d at 120.

Here, Petitioner does not allege facts bringing his conviction within the *Dorsainvil* exception. He does not allege that he is "actually innocent" as a result of a retroactive change in substantive law that negates the criminality of his conduct. Rather, he is challenging the sufficiency of the indictment and the subject matter jurisdiction of the sentencing court.

4

Petitioner has not demonstrated that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. Accordingly, since the *Dorsainvil* exception does not apply here, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Because it appears that Petitioner unsuccessfully raised his grounds for relief in a previous 2255 petition, the Court finds that it is not in the interests of justice to transfer this action. Therefore, this Court will not direct the Clerk to transfer the Petition. However, no statement made in this Opinion or in the Order filed herewith should be construed as preventing Petitioner from seeking leave to file second/successive Section 2255 motion.

### III. CONCLUSION

For the reasons set forth above, the petition will be dismissed for lack of jurisdiction. An appropriate order follows.

Dated: August 26, 2013

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge